**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tywan A. Poole, | No. CV-18-00187-PHX-GMS |
| Petitioner, | **ORDER** |
| v. | |
| William W. Lothrop, | |
| Respondent. | |

Pending before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Deborah M. Fine, which recommends that Petitioner Tywan A. Poole's Amended Petition for Writ of Habeas Corpus (Doc. 15) be dismissed with prejudice, and that his Motion for Summary Judgment (Doc. 25) and Motion for Judgement Order of Writ of Habeas Corpus (Doc. 29) be denied. Poole timely filed objections to the R&R, and Respondent William W. Lothrop responded. For the following reasons the R&R is accepted, Petitioner's Amended Petition is dismissed with prejudice, and his two other Motions are denied.

**BACKGROUND**

Because no party has objected to the factual and procedural background set forth in the R&R, the Court adopts the background as an accurate account.

**DISCUSSION**

**I.   Legal Standards**

This court "may accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (emphasis in original). District courts are not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

**II.    Analysis**

    **A.    Poole's Motion for Summary Judgment**

Poole's Motion for Summary judgment argues that (1) Lothrop's Answer to his Petition was untimely and (2) Lothrop's Answer failed to follow the Magistrate Judge's order that a dispositive motion could not be filed in place of an answer without first showing cause demonstrating that an answer would be inadequate.

The R&R correctly concluded that Lothrop's Answer was timely. The Magistrate Judge ordered Lothrop to file his Answer within twenty days of the date of service of the Petition. (Doc. 16.) The docket indicates that service was executed on August 15, 2018. (Doc. 19.) Since Lothrop filed his Answer on September 4, 2018, it was timely filed within twenty days of the date of service.

The R&R also correctly concluded that Lothrop's Answer complied with the Magistrate Judge's order. The Rules Governing Section 2254 Cases in the United States District Courts require a Respondent, in answering a Petition, to "address the allegations in the petition" and to "state whether any claim in the petition is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, or a statute of limitations." Rule 5(b), 28 U.S.C. fol. § 2254. Even though Poole's Petition was brought under § 2241 rather than § 2254, it is not error to apply the Rules Governing § 2254 cases to cases brought under § 2241. *Lane v. Feather*, 584 Fed. Appx. 843 (9th Cir. 2014); Rule 1(b), 28 U.S.C. fol. § 2254 ("The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a).").

\ \ \

Since Lothrop's answer was timely and complied with the Magistrate Judge's order, Poole's Motion for summary judgment is denied.

### B. Poole's Habeas Petition

Poole's objections to the R&R are not specific to the R&R, but rather restate arguments that are made in his Petition. However, given the liberal way in which *pro se* habeas petitions are treated, the Court construes the arguments in the Objection as objections and addresses them de novo.

#### 1. Poole's failure to exhaust administrative remedies is not excused.

Poole's first objection is that his failure to exhaust administrative remedies should be excused. The R&R concluded otherwise. (*See* Doc. 30 at 9–10). "Generally, a federal prisoner is required to exhaust his federal administrative remedies before filing a habeas petition." *Tucker v. Carlson*, 925 F.2d 330, 332 (9th Cir. 1991). Failure to exhaust may be excused if pursuing administrative remedies would be futile. *Fraley v. U.S. Bureau of Prisons*, 1 F.3d 924, 925 (9th Cir. 1993).

Poole failed to exhaust administrative remedies for Grounds Two, Three, and Four. The Bureau of Prisons ("BOP") established an administrative remedy program "to allow an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). BOP's program requires inmates to first present their concerns informally to prison staff, who are required to attempt informal resolution before an inmate submits a request for an administrative remedy. *Id.* § 542.13(a). Wardens are responsible for establishing procedures for informal resolution of complaints. *Id.*

If informal resolution of the issue is not possible, inmates then must file a BP-9 form outlining their formal grievance. *Id.* § 542.14. Inmates may then appeal a decision regarding a BP-9 grievance first to the appropriate Regional Director and then to the General Counsel. *Id.* § 542.15.

The R&R correctly concluded that Poole failed to pursue this required procedure for Grounds Two, Three, and Four. There is no evidence that Poole ever filed a BP-9 listing the grievances he asserts in Grounds Two, Three, and Four. And Poole himself

concedes as much in his Objection. (*See* Doc. 31 at 1.)

The R&R also correctly concluded that Poole has failed to demonstrate that his failure to exhaust should be excused because pursuing the administrative remedies would be futile. The record indicates that Poole successfully filed seven grievances or appeals regarding other issues while incarcerated, but not regarding the claims in his Petition. (Doc. 22-1 at 4.) Though Poole argues in his Petition and again in his objections that prison personnel interfered with his ability to file grievances, there is no evidence in the record to that effect. Indeed, an affidavit from Poole's case manager at Federal Correctional Institution Phoenix states that the case manager provided Poole with paperwork for filing other grievances and that the case manager does not recall Poole ever requesting paperwork to file a grievance regarding the claims in his Petition. (*Id.* at 26–27.)

Though Poole contends in his Objection that he "made every attempt to exhaust the administrative remedies," he has pointed to no evidence to support that contention. The R&R correctly concluded that, under the circumstances, excusing Poole's failure to exhaust the available administrative remedies would encourage the deliberate bypass of BOP's administrative remedy program. Further, excusing the failure to exhaust would also preclude BOP from being able to resolve the issues internally using its own expertise. *See United Farm Workers of America, AFL-CIO v. Arizona Agr. Employ. Relations Bd.*, 669 F.2d 1249, 1253 (9th Cir. 1982) (noting that "[t]he purpose of the exhaustion doctrine is to allow the administrative agency an opportunity to correct any mistakes that may have occurred during the proceeding, thus avoiding unnecessary or premature judicial intervention into the administrative process.").

**2. The Court lacks jurisdiction over Grounds Two and Three.**

The R&R concluded that, even if Poole's failure to exhaust administrative remedies should be excused, the decisions challenged in Grounds Two and Three of the Petition are discretionary and not reviewable by the Court. Poole objects that "the claim[s] should not be classified as an attempt to step in on a BOP decission [sic]." Ground Two alleges that BOP violated 18 U.S.C. § 3621(b) "by not relying on a complete RRC evaluation and by

relying on [Poole's] current offense, as opposed to the statements of character provided by the government within [the] P.S.I." (Doc. 15 at 5.) Ground Three alleges that BOP violated 18 U.S.C. § 3624(c)(1) by only recommending six months in an RRC halfway house instead of twelve months. (*Id.* at 6.)

Both Ground Two and Ground Three allege violations based on discretionary acts by BOP. The requirements of the Administrative Procedure Act do not apply to decisions made pursuant to 18 U.S.C. §§ 3621(b) or 3624(c)(1), the statutes under which Poole has brought Grounds Two and Three. *See* 18 U.S.C. § 3625. And the Ninth Circuit has concluded that "to find that prisoners can bring habeas petitions under 28 U.S.C. § 2241 to challenge the BOP's discretionary determinations made pursuant to 18 U.S.C. § 3621 would be inconsistent with the language of 18 U.S.C. § 3625." *Reeb v. Thomas*, 636 F.3d 1224, 1227 (9th Cir. 2011). The same logic applies to habeas petitions brought challenging discretionary determinations made pursuant to § 3624. *See id.* The Court thus lacks jurisdiction over the claims in Grounds Two and Three.

**IT IS THEREFORE ORDERED** that the Report and Recommendation of Magistrate Judge Deborah M. Fine (Doc. 30) is **ADOPTED**.

**IT IS FURTHER ORDERED** that the Amended Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 15) of Petitioner Tywan A. Poole is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment (Doc. 25) of Petitioner Tywan A. Poole is **DENIED**.

**IT IS FURTHER ORDERED** that the Motion for Judgment Order of Writ of Habeas Corpus (Doc. 29) of Petitioner Tywan A. Poole is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** directing the Clerk of Court to terminate this action and enter judgment accordingly.

/ / /

/ / /

/ / /

**IT IS FURTHER ORDERED** that because this case arises under 28 U.S.C. § 2241, no ruling on a certificate of appealability is required.

Dated this 8th day of May, 2019.

_____
G. Murray Snow
Chief United States District Judge